1  MARK S. POSARD (SBN: 208790)
   mposard@grsm.com
2  NICHOLAS A. DEMING (SBN: 287917)
   ndeming@grsm.com
3  MATTHEW S. VESTERDAHL (SBN: 279769)
   mvesterdahl@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   3 Parkcenter Drive, Suite 200
5  Sacramento, CA 95825
   Telephone: (916) 595-2000
6  Facsimile: (916) 920-4402

7  Attorneys for Defendant
   MARIN GENERAL HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| BETTY HUSSEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARIN GENERAL HOSPITAL, a California Nonprofit Corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>[Marin County Superior Court Case No. CV0003571]<br><br>**DEFENDANT MARIN GENERAL HOSPITAL'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*Filed concurrently with:*<br><br>*1. Civil Case Cover Sheet;*<br>*2. Certification of Interested Parties;*<br>*3. Request for Judicial Notice;*<br>*4. Declaration of Eugene Lewis; and*<br>*5. Declaration of Nicholas A. Deming.*<br><br>Complaint Filed: July 31, 2024 |
|---|---|

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant, Marin General Hospital ("Marin General"), respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) and 1446, based on federal question jurisdiction. This Notice of Removal is being filed without prejudice to the objections and defenses

of Marin General.  Removal of this action on the basis of original, federal question jurisdiction is proper for the following reasons:

## BASIS FOR REMOVAL

1. Plaintiff, Betty Hussein ("Hussein") has filed the instant class action lawsuit, on behalf of herself and all others similarly situated, that alleges state law claims against Marin General, and specifically that Marin General violated various sections of the California Labor Code and engaged in unfair business practices in violation of Business & Professions Code section 17200, *et seq*.

2. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. sections 1331 and 1332, and the matter is removable pursuant to 28 U.S.C. sections 1441 and 1446, because it is an action founded on a claim or right arising under the laws of the United States of America and directly implicates questions of federal law under section 301 ("Section 301") of the Labor Management Relations Act, 29 U.S.C. section 185 ("LMRA").  Section 301 of the LMRA preempts Hussein's unpaid overtime claim because it is based solely on rights created by the applicable collective bargaining agreements, not the California Labor Code, and all of Hussein's claims require significant interpretation of the collective bargaining agreements.

3. To the extent Hussein's state law claims asserted in the action do not qualify for Section 301 preemption, those state law claims are based on the same set of operative facts that form the basis of Hussein's federal claims, and this Court has supplemental jurisdiction over those state claims pursuant to 28 U.S.C. section 1441(c).

## PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

4. On July 31, 2024, Hussein commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Marin, entitled *Betty Hussein v. Marin General Hospital*, *et al*., Case No. CV0003571 (the "State Court Action").  *See* Request for Judicial Notice ("RJN"), **Ex. A**.

5. Hussein's proposed class includes current and former non-exempt hourly employees who worked for Marin General in California from four years preceding the Complaint filing date (July 31, 2020) through the date of trial.  *Id.*  The Complaint specifically identifies as employee job

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

titles ECG technician, X-ray technician, Registered Nurse, Licensed Clinical Social Worker, Surgical Technologist, SPD Technician, and Telecommunications Operator. *Id.*

6.   On August 7, 2024, Hussein served a copy of the Summons and Complaint on Marin General. *See* Declaration of Eugene Lewis ("Lewis Decl."), ¶ 5, **Ex. A**; *see also* Declaration of Nicholas A. Deming ("Deming Decl."), ¶ 4.

7.   Marin General's Notice of Removal is timely because Marin General has filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## FEDERAL QUESTION JURISDICTION

8.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one which may be removed to Court pursuant to the provisions of 28 U.S.C. section 1441 because it directly implicates questions of federal law under Section 301. *Exxon Mobil Corp. v. Allapattach Servs., Inc.,* 545 U.S. 546, 563-564 (2005) ("district court has original jurisdiction of a civil action for purposes of 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action.").

9.   Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining agreement (also referred to herein as a "CBA") is such a contract, and Section 301 preempts all state-law claims "founded directly on rights created by collective- bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of [a CBA]." *Associated Builders & Contractors v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997).

10.   Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal

1  question exists – and removal is proper – where the plaintiff's state law claims are based on the terms of a collective bargaining agreement or where resolution of those claims depends on analysis of the collective bargaining agreement. *See id.* at 1356; *Young*, 830 F.2d at 997, 999 (holding that Plaintiff's "artfully pleaded" complaint, which omitted reference to the CBA, was preempted because it implicated provisions of the CBA); *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048-49 (9th Cir. 1987) (plaintiffs' failure to mention collective bargaining agreement in complaint not dispositive; court will investigate and find preemption if complaint actually raises a Section 301 claim); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) (when a state law claim actually arises under federal law, the court will recharacterize it accordingly to uphold removal). "Mere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds Afetals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990). When resolution of a state law claim is "substantially dependent on analysis of a collective bargaining agreement," the claim is preempted. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987).

11. The Ninth Circuit has employed a two-step test to ensure that section 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1153 (9th Cir. 2019) (citation and quotations omitted). First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). If not, the court proceeds to the second step and asks " 'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original). "Interpretation" is construed narrowly in this context. *Id.* If claims are dependent on interpretation of the CBA, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059-60.

12. When determining whether resolution of a state claim requires interpretation of a

collective bargaining agreement, the court must "examin[e] the terms of the agreement, the elements of the [claim] involved, and the facts which defendant may assert in defense." *Moreau v. San Diego Transit Corp.*, 210 Cal.App.3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (defendant's affirmative defenses must be considered in determining whether the CBA must be interpreted in order to resolve the state law claim); *accord Newberry v Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) (determining the scope of Section 301 preemption is not based on how the complaint is framed but on whether the claims can be resolved only by referring to the terms of the collective bargaining agreement).

13.   Section 301 preempts Hussein's claims on two separate grounds.  <u>First</u>, Hussein's failure to pay overtime claim alleges that Marin General violated the overtime requirements of California Labor Code sections 510, 1194, and 1198 by failing to pay Hussein and the other putative class members all overtime wages due and by failing to pay overtime at the proper regular rate of pay. *See* Lewis Decl. and RJN, **Ex. A** (Complaint ¶¶ 17-26, 55-59).  Hussein's overtime claim is preempted pursuant to California Labor Code section 514.

14.   The default rule for overtime in California is set by section 510(a) of the California Labor Code, which provides that any work in excess of a set number of hours "shall be compensated" at a specified rate of pay. Cal. Lab. Code § 510(a). Section 510(a)(2) provides that "requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to…[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Section 514 in turn states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *Curtis*, 913 F.3d at 1153 (citing Cal. Lab. Code § 514).  As such, "the default definition of overtime and overtime rates in Section 510 does not apply to an employee who is subject to a qualifying CBA." *Id.* at 1153-54.  If a CBA meets the requirements of Section 514, then the employee's "right to overtime exists solely as a result of the CBA and therefore is preempted

1  under section 301. *Id.*

2  15.  Here, Hussein and the other putative class members were union members covered by CBAs that meet the requirements of California Labor Code section 514. First, a valid CBA covers Hussein's employment. Hussein was a "SPD Technician". *See* Lewis Decl. and RJN, **Ex. A** (Complaint ¶ 16). The CBA between Marin General and the Professional and Vocational Division of the Teamsters Union Local 856 from July 1, 2017 through June 30, 2021. *See* Lewis Decl., ¶ 6, and RJN, **Ex. B**.[1] A similar CBA between Marin General and Teamsters Union Local 856 in effect from July 1, 2021 through June 30, 2025 also covers Hussein. *See* Lewis Decl. ¶ 7 and RJN, **Ex. C**. Hussein was a Sterile Processing Technician II, which is covered by the CBAs with the Teamsters Union Local 856. *See* Lewis Decl. ¶ 8. Hussein was a member of the Teamsters Union Local 856. *Id.* at ¶ 10.

16.  Second, the Teamsters Union Local 856 CBAs govern (a) wages, including overtime and the regular hourly rate [*see* Sections 6-8 and 10, and Wage Attachments A-D], (b) hours of work [*see* Sections 5, 7, and 9], (c) working conditions of employees [*see* Sections 5-12, and 28], and (d) premium wages rates for overtime [*see* Section 10]. *See* Lewis Decl. and RJN, **Exs. B-C**.

17.  Lastly, the CBA pays union members more than 30% above the California minimum wage. *Id.* at **Exs. B-C** (Wage Attachments/Appendices C and D providing base hourly rates for all positions, all of which exceed the 130% of minimum wage threshold). From July 1, 2020 through June 30, 2021, a Sterile Processing Technician was paid a minimum of $28.88 per hour, while

---

[1] The Teamsters Union Local 856 CBA also covers the following employees: Ambulatory Services Assistant; Ambulatory Services Assistant (Certified); Anesthesia Technician; Anesthesia Technician (Certified); Chef; Cook; Cook's Helper; Emergency Dept Technician; Emergency Dept Technician (Certified); Endoscopy Technician; Endoscopy Technician (Certified); Environmental Services Aide; First Cook; Food Service Worker; Laboratory Assistant I-III; Licensed Psychiatric Tech; Materials Technician; Mental Health Counselor (Licensed Clinical Social Worker); Mental Health Counselor – Grandfathered; Nursing Assistant; OB Technician I-III; OB Technician III (Cert); Orthopedic Technician; Respiratory Care Practitioner I Certified; Respiratory Care Practitioner Applicant; Respiratory Care Practitioner I Registered; Respiratory Care Practitioner II Registered; Respiratory Care Practitioner III Lead; Salad Worker; Senior Environmental Services Aide; Surgical Assistant; Surgical Assistant (Certified); Surgical Technologist; Surgical Technologist (Certified); and Transport Aide. *See* **Ex. B-C**.

130% of the $14.00 per hour minimum wage in 2021[2] was $18.20.[3]  Marin General paid Betty Hussein an hourly rate of $36.69 in 2024.  *See* Lewis Decl. ¶ 10.  That hourly rate well exceeds 130% above the $16.00 California minimum wage in 2024.

18. In assessing this Court's jurisdiction over Hussein's claims, the only relevant CBA is the CBA governing the named plaintiff's employment. *See Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) ("The usual rule in class actions is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims.") (quotation marks and citation omitted); *see also Huffman v. Pacific Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *7 (N.D. Cal. June 21, 2019) ("The court looks to a plaintiff and his claims—not to his class allegations and putative class members—to assess jurisdiction.").

19. Therefore, the relevant CBAs covering Hussein which are at issue here meet the requirements of California Labor Code section 514.

20. The Ninth Circuit has held that where an employee (1) sues for a Labor Code violation, (2) the California Labor Code provides for a CBA exemption from the Labor Code requirements, and (3) the employee is governed by a CBA that meets that exemption, the Labor Code, has been displaced, and the employee's claim is necessarily based upon the CBA, rather than the Labor Code. In *Curtis*, the Ninth Circuit held that an employee's claim for overtime pay under section 510 of the California Labor Code existed "solely as a result of the CBA" because the relevant statute governing overtime claims contained an exemption for qualifying CBAs that permitted "unionized employees to contract around [the statute's requirements]." *Curtis*, 913 F.3d at 1154-55. Specifically, section 510(a) states that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement" that complies with certain requirements. *Id.* at 1153 (quoting Cal. Lab. Code § 510). The Ninth Circuit therefore held that if employers were

---

[2] The minimum wage in California was $13.00 per hour in 2020, $14.00 per hour in 2021, $15.00 per hour in 2022, $15.50 per hour in 2023, and $16.00 per hour in 2024.  *See* RJN, **Ex. D**; Cal. Labor Code § 1182.12.

[3] The lowest paid union member (Food Service Worker) from July 1, 2020 through June 30, 2021 still made $23.17 per hour according to the CBA terms, which is still in excess of 130% of the minimum wage at that time.  *See* **Ex. B**.

1  required to comply with the default rule regarding overtime compensation despite the existence of a qualifying CBA that created alternative arrangements, the statutory language above would be rendered superfluous. *See id.* at 1154. Since the CBA qualified for the statutory exemption, the Labor Code was displaced, and the plaintiff's right to overtime payments therefore existed solely as a result of the CBA. *Id.*; *see also Marquez v. Toll Glob. Forwarding*, 804 F.App'x 679, 681 (9th Cir. 2020) (where plaintiff was subject to a CBA qualifying for exemption from overtime under Cal. Labor Code section 514, the asserted overtime claim is both statutorily barred by section 514 and preempted by section 310 of the LMRA, because it arises not under the Labor Code, but rather under the CBA) (quoting *Curtis*, 913 F.3d at 1155).

21. The great majority of district courts in this circuit have also held that the exemption in Labor Code section 514 operates independently from the alternative work week exemption in section 510(a)(2). *See Castaneda v. Ardagh Glass, Inc.*, No. 23-cv-03547-HSG, 2024 WL 589088, at *4 (N.D. Cal. Feb. 13, 2024); *Johnson v. San Francisco Health Care and Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *3 (N.D. Cal. July 15, 2022) ("Section 514's exemption operates independently from the exemption in § 510(a)(2)"); *Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV19-07662JAK, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020) (finding that there is no alternative workweek schedule requirement for preemption).

22. A CBA that fulfills the requirements of section 514 also preempts overtime claims based on Labor Code sections 510, 1194 and 1198. *See Jimenez v. Young's Market Co., LLC*, No. 21-cv-02410-EMC, 2021WL5999082, at *10 (N.D. Cal. December 20, 2021) (collecting cases finding preemption of overtime claims under the LMRA because section 514 also applies to claims based on sections 1194 and 1198).

23. Therefore, California Labor Code section 514 statutorily bars Hussein's overtime claim.

24. <u>Second</u>, Hussein's claims are preempted for the additional reason that they require interpretation of the CBAs. Indeed, Hussein does not just bring these claims for herself. Hussein seeks to represent all current and former hourly-paid or non-exempt employees who worked for Marin General within the State of California at any time during the period from four years preceding

-8-
DEFENDANT MARIN GENERAL HOSPITAL'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

the filing of this Complaint to final judgment and who reside in California. During the relevant time period, multiple CBAs between Marin General and Teamsters Local 856 (Clerical Unit), the California Nurses Association (Registered Nurses), and the National Union of Healthcare Workers governed the terms and conditions of employment for Hussein and the other putative class members. *See* Lewis Decl. ¶ 11. Hussein's break, reimbursement, overtime, minimum wage, and unfair business practice claims—whether limited to the CBA applicable to the Teamsters Local 856 or including any of the other CBAs—will require significant interpretation of the terms of the CBAs. Each CBA has complex and vastly different compensation structures for hourly employees, with different break and reimbursement rules that will require a detailed analysis of the CBAs at issue in the dispute.

25. Section 301 is construed quite broadly to cover state-law actions that do not allege a breach of the CBA, but nonetheless require interpretation of labor agreements. *See Allis-Chalmers Corp.*, 471 U.S. at 220 ("When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law.") (internal citations omitted); *see also Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (when resolution of a claim brought under state law is "substantially dependent on analysis" of a collective-bargaining agreement, the claim is preempted by Section 301) (citing *Caterpillar, Inc.*, 482 U.S. at 394).

26. Accordingly, Section 301 of the LMRA preempts Hussein's claims for two independent reasons. Hussein's unpaid overtime claim is based solely on rights created by the CBA, not the California Labor Code, and all of Hussein's claims require significant interpretation of the CBA. This action therefore arises under Section 301 of the LMRA and is properly removed on that basis.

## SUPPLEMENTAL JURISDICTION

27. Hussein's remaining claims all pertain to the hours Hussein worked for Marin General and wages paid, meal and rest breaks, sick time accrued based on those work hours, and other derivative claims, such as claims for waiting time and wage statement penalties.

28. This Court also has supplemental jurisdiction over any remaining claims under California law that are not expressly subject to Section 301 preemption, as those remaining claims derive from a "common nucleus of operative facts" as they arise from the same working conditions and relationship with Marin General as the overtime claim preempted by Section 301. *See* 28 U.S.C. § 1367; *see also Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (citation and quotations omitted)).

## VENUE

29. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Marin, which is located within the federal United States District Court for the Northern District of California. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## COMPLIANCE WITH REMOVAL PROCEDURES

30. Marin General has complied with all of the procedural requirements for removal set forth in 28 U.S.C. section 1446. As noted above, the notice of removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

31. Pursuant to section 1446(d), a copy of this Notice of Removal, including exhibits, is being served on counsel for Hussein and will be filed with the Superior Court of the State of California for the County of Marin, in Case No. CV0003571.

32. Copies of all process, pleadings and orders served on the Marin General are attached hereto. *See* Deming Decl., ¶ 5.

33. Other than Marin General, no other non-fictitious defendants were named in the Complaint or served with a Summons. As such, no joinder is necessary. *See* 28 U.S.C. § 1441(a); *see also Salveson v. Western Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

34. Pursuant to Local Rule 3-15 and Federal Rule of Civil Procedure 7.1, Marin General is filing a Certification of Conflicts and Interested Entities or Persons concurrently with this Notice of Removal.

WHEREFORE, for the foregoing reasons, Marin General removes this action from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California and respectfully requests that the Court exercise jurisdiction over this action.

Dated: September 6, 2024

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Mark S. Posard*
Mark S. Posard
Nicholas A. Deming
Matthew S. Vesterdahl
Attorneys for Defendant
MARIN GENERAL HOSPITAL