UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY HUSSEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARIN GENERAL HOSPITAL,<br><br>　　　　Defendant. | Case No. 24-cv-06296-KAW<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS, GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 6, 11 |

On July 31, 2024, Plaintiff Betty Hussein filed the instant putative class action, asserting violations of various California Labor Code provisions. (Req. for Judicial Notice ("RJN"), Exh. A ("Compl.") ¶ 3, Dkt. No. 5.) On September 6, 2024, Defendant Marin General Hospital removed the case to federal court, asserting federal question jurisdiction based on preemption by the Labor Management Relations Act ("LMRA"). (Not. of Removal ¶ 2, Dkt. No. 1.)

Pending before the Court are: (1) Plaintiff's motion to remand, and (2) Defendant's motion to dismiss. (Pl.'s Mot. to Remand, Dkt. No. 11; Def.'s Mot. to Dismiss, Dkt. No. 6.) Having considered the parties' filings, the relevant legal authorities, and the arguments made at the December 19, 2024 hearing, the Court GRANTS IN PART Defendant's motion to dismiss, and GRANTS the motion to remand the remaining case to state court.

### I.　BACKGROUND

From March 25, 2024 through June 20, 2024, Plaintiff was employed by Defendant as a non-exempt employee. (Compl. ¶ 16.) Plaintiff alleges that Defendant had various policies and practices that resulted in unpaid wages, including unevenly rounding non-exempt employees' time entries to the nearest 15-minute interval, not including all forms of compensation and renumeration when calculating overtime wages and sick leave, and not providing adequate breaks.

1  (Compl. ¶¶ 18, 24, 29, 30, 33.)  During her employment, Plaintiff was a member of the Teamsters
2  Union Local 856 and subject to collective bargaining agreements ("CBA") between Defendant and
3  Teamsters Union Local 856 ("Teamsters CBAs").  (Lewis Decl. ¶¶ 6-8, 10, Dkt. No. 1-3.)

4  On July 31, 2024, Plaintiff filed suit in state court, asserting claims for: (1) failure to pay
5  minimum wage, (2) failure to pay overtime, (3) meal period violations, (4) rest period violations,
6  (5) failure to pay sick time, (6) failure to provide accurate itemized wage statements, (7) waiting
7  time penalties, and (8) unfair competition.  Plaintiff's claims were based on violations of various
8  California Labor Code provisions and Wage Orders.  On September 6, 2024, Defendant removed
9  the case, asserting that § 301 of the LMRA preempted Plaintiff's overtime claim because it was
10 based solely on rights created by the Teamsters CBAs, not the California Labor Code.  (Not. of
11 Removal ¶ 2.)  Defendant further asserted that all of Plaintiff's claims required significant
12 interpretation of the Teamsters CBAs.  (Not. of Removal ¶ 2.)

13 On September 13, 2024, Defendant moved to dismiss the case.  On September 26, 2024,
14 Plaintiff filed her opposition.  (Pl.'s Opp'n, Dkt. No. 10.)  On October 4, 2024, Defendant filed its
15 reply.  (Def.'s Reply, Dkt. No. 12.)

16 On September 26, 2024, Plaintiff filed a motion to remand.  On October 10, 2024,
17 Defendant filed its opposition.  (Def.'s Opp'n, Dkt. No. 13.)  On October 17, 2024, Plaintiff filed
18 its reply.  (Pl.'s Reply, Dkt. No. 14.)

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

21 Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based
22 on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule
23 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250
24 F.3d 729, 732 (9th Cir. 2001).

25 In considering such a motion, a court must "accept as true all of the factual allegations
26 contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation
27 omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or
28 there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B. Motion to Remand

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citations omitted). Federal courts must "reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotations and citations omitted).

### III. DISCUSSION

At issue in both the motion to dismiss and motion to remand is whether Plaintiff's claims are preempted by the LMRA, such that federal question jurisdiction is proper. In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, removal is usually not appropriate for "[a] defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393.

"A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). One such statute is § 301 of the LMRA, which provides "[s]uits for violation of contracts between an employer and a labor organization… may be brought in any district court of the United States." 29 U.S.C. § 185(a). In *Curtis v. Irwin Industries, Inc.,* the Ninth Circuit expressly found that § 301 was an exception to the general rule that "federal preemption is a defense that does not authorize removal to federal court, [because] § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). As a result, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.*

In *Burnside v. Kiewit Pacific Corp.*, the Ninth Circuit adopted a two-part test for analyzing whether § 301 preempts a state law claim. 491 F.3d 1053, 1059 (9th Cir. 2007). Under the *Burnside* test, courts first "ask whether the asserted cause of action involves a right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (quotation marks and citations omitted).

If the answer to the first question is yes, then "the claim is preempted and [the] analysis ends there." *Id.* at 1153 (quoting *Burnside*, 491 F.3d at 1059). If the answer to the first question is no, then courts "proceed to the second step and ask whether a plaintiff's state law right is substantially dependent on analysis of" the collective bargaining agreement. *Id.* (quotations and citations omitted). To answer this question, courts consider "whether the claim cannot be resolved by simply look[ing] to versus interpreting the CBA." *Id.* (quotations and citations omitted).

### A. Second Claim: Overtime

Defendant asserts that Plaintiff's overtime claim is preempted by the LMRA because pursuant to California Labor Code § 514, her right to overtime arises under the Teamsters CBAs, not California labor law. (Def.'s Mot. to Dismiss at 11-12; Def.'s Opp'n at 2.) Labor Code § 514 provides that Labor Code § 510's overtime requirement "does not apply to an employee covered by a valid [CBA] if the agreement expressly provides for the wages, hours of work, and working condition of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Thus, if the Teamsters CBAs "meet the requirements of section 514, [Plaintiff]'s right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154.

Plaintiff argues that her overtime claim is not preempted because § 514's applicability is an affirmative defense, relying primarily on pre-*Curtis* district court opinions. (Pl.'s Mot. to Remand at 2; Pl.'s Opp'n at 4.) Post-*Curtis*, however, a majority of courts in this circuit have found that an affirmative defense of § 301 is sufficient to raise a federal question that can be removed even absent mention of a CBA or a concession from the plaintiff that the CBA applied to them. *See, e.g., Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 U.S. Dist. LEXIS 24242482, at *17-18 (N.D. Cal. Dec. 20, 2021) (collecting cases). In so finding, such courts have explained that "*Curtis* clearly stated that 'a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.'" *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 751 (S.D. Cal. 2021) (quoting *Curtis*, 913 F.3d at 1152).

In the alternative, Plaintiff argues that *Curtis* is distinguishable because there, the plaintiff

1    conceded that the CBA was applicable. (Pl.'s Opp'n at 5; Pl.'s Reply at 3 (citing *Ross v. Stater
2    Bros. Mkts.*, No. 5:19-CV-00755-SJO (KKx), 2019 U.S. Dist. LEXIS 208450, at *10 (C.D. Cal.
3    Aug. 8, 2019)).) Again, post-*Curtis*, a majority of courts in this Circuit -- including this Court --
4    "have found that an affirmative defense of §301 is sufficient to raise a federal question that can be
5    removed even absent mention of a CBA or a concession from the plaintiff that the CBA applied to
6    them." *Lainez v. Wilhelm*, Case No. 23-cv-04421-KAW, 2024 U.S. Dist. LEXIS 173859, at *11-
7    12 (N.D. Cal. Sept. 25, 2024); *see also Radcliff*, 519 F. Supp. 3d at 750 ("Plaintiff cannot artfully
8    plead around his CBA in his complaint because, regardless, preemption attaches to a CBA dispute
9    dressed in state law garb. Therefore, neither Plaintiff's neglect in mentioning the CBA, nor his
10   refusal to explicitly concede the CBA applies to him in the first place, is dispositive[.]"); *Jimenez*,
11   2021 U.S. Dist. LEXIS 242424, at *17 (same).

12            Finally, Plaintiff argues that § 514 does not apply because the Teamsters CBAs do not
13   meet its requirements. (Pl.'s Opp'n at 1; Pl.'s Reply at 3.) Specifically, Plaintiff complains that
14   there is no provision for "final and binding arbitration." (*Id.*) Section 514, however, does not
15   require "binding and final arbitration." As Plaintiff does not dispute that the Teamsters CBAs
16   otherwise satisfy § 514, this argument fails.

17            Accordingly, the Court finds that because the Teamsters CBAs meet the requirements of §
18   514, Plaintiff's "right to overtime exists solely as a result of the CBA, and therefore is preempted
19   under § 301." *Curtis*, 913 F.3d at 1154. "Because [Plaintiff]'s right to overtime exists solely as a
20   result of the CBA . . . [her] claim fails at step one of the preemption analysis." *Id.* at 1155. Thus,
21   the Court has federal question jurisdiction over Plaintiff's overtime claim, and concludes that it
22   must be dismissed with prejudice because it is preempted. *See id.* (affirming dismissal of overtime
23   claim as preempted by § 301).

24       **B.    Fifth Claim: Sick Leave**
25            Similarly, Defendant asserts that Plaintiff's sick leave claim is preempted by the LMRA
26   because pursuant to California Labor Code § 245.5, her right to sick leave arises under the
27   Teamsters CBAs. (Def.'s Mot. to Dismiss at 14.) Section 245.5 states that § 246's sick leave
28   requirement does not apply to "an employee covered by a valid [CBA] if the agreement expressly

6

provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitrations of disputes . . . , and regular hourly pay of not less than 30 percent more than the state minimum wage rate."

Plaintiff argues that the Teamsters CBAs do not meet § 245.5's requirement for final and binding arbitration because the grievance procedure is insufficient. (Pl.'s Opp'n at 1.) First, Plaintiff argues that there is no provision for final and binding arbitration depending on which grievance procedure the parties choose. (*Id.* at 1-2.) The Court disagrees. The Teamsters CBAs provide that, following best efforts by the union and Defendant to resolve the grievance, a party may require an Adjustment Board to consider the matter. (RJN, Exh. B ("Teamsters CBA") § 30.) In the alternative, the Teamsters CBAs allow either party to bypass going before the Adjustment Board and proceeding directly to arbitration. (*Id.*) Plaintiff complains that going before the Adjustment Board means there is no option of arbitration, but a party can still choose to either go to the Adjustment Board or arbitration. (Pl.'s Opp'n at 1-2.) Plaintiff provides no explanation for why this is insufficient. Plaintiff also argues that the words "final and binding" do not appear in the Teamsters CBAs, but fails to provide any explanation for how the arbitration provision is not final and binding in practice. (*See id.* at 2.) Indeed, there is nothing in the Teamsters CBAs to suggest that arbitration is not final or binding.

In the alternative, Plaintiff argues that the grievance procedure is unconscionable because it includes shorter periods to bring a grievance, as well as shifting the fees of the arbitrator on the losing party. (Pl.'s Opp'n at 2-4.) In so arguing, Plaintiff relies on general authority concerning the enforceability of arbitration provisions, not whether an arbitration provision satisfies § 245.5's requirement for final and binding arbitration. (*Id.*) In any case, Plaintiff fails to satisfy the unconscionability analysis. Courts apply state contract law to determine the enforceability of an arbitration agreement. *Pokorny v. Quixtar*, 601 F.3d 987, 994 (9th Cir. 2010). Under California law, "a contractual provision is unenforceable if it is **both** procedurally and substantively unconscionable." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (emphasis added); *see also Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 89 (2000).

1 Procedural unconscionability concerns "oppression or surprise due to unequal bargaining power."
2 *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (internal quotation omitted).
3 Here, Plaintiff provides no analysis regarding procedural unconscionability, let alone suggests that
4 there was unequal bargaining power between Defendant and the Teamsters Union Local 856. *See*
5 *Allmaras v. Univ. Mech. & Eng'g Contr., Inc.*, No. 24-CV-01581-GPC-SBC, 2024 U.S. Dist.
6 LEXIS 212432, at *31-32 (S.D. Cal. Nov. 20, 2024) ("Here, the CBA was not a standardized
7 contract drafted by the employer[;] instead it was mutually arrived at after a negotiation process.
8 Moreover, the employer did not have superior bargaining power given that it was negotiating with
9 a union made up of hundreds of employees.").

10 In the alternative, Plaintiff again argues that the applicability of § 245.5 is an affirmative
11 defense and that *Curtis* is distinguishable. (Pl.'s Opp'n at 6-7.) As discussed above, however, the
12 Ninth Circuit and the Supreme Court have recognized that the LMRA has such preemptive effect
13 as to "convert[] an ordinary state common law complaint into one stating a federal claim for
14 purposes of the well-pleaded complaint rule." *Curtis*, 913 F.3d at 1152; *Metro. Life Ins. Co. v.*
15 *Taylor*, 481 U.S. at 65. Thus, as with the overtime claim, the Court finds that it has federal
16 jurisdiction over Plaintiff's sick leave claim, and that this claim must be dismissed.

17 **C.    First, Third, and Fourth Claims: Minimum Wage, Meal and Rest Breaks**
18 Next, Defendant argues that Plaintiff's claims for minimum wage violations and meal and
19 rest period violations must be dismissed because they are preempted under the second *Burnside*
20 prong. (Def.'s Mot. to Dismiss at 16.) Specifically, Defendant contends that because these claims
21 are based on Defendant's alleged failure to calculate the "regular rate of pay," they are
22 "substantially dependent on interpretation of the CBA to calculate the 'regular rate of pay.'" (*Id.*)
23 Under the second step of the *Burnside* test, the Court must consider "whether the claim can
24 be resolved by looking to versus interpreting the CBA." *Burnside*, 491 F.3d at 1060. Only claims
25 that require "interpretation" are preempted. *Id.* "Interpret," in turn, "is defined narrowly -- it
26 means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox*
27 *Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). The Supreme Court has made "clear that when
28 the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be

1  consulted in the course of state-law litigation plainly does not require the claim to be
2  extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). While the distinction between
3  "looking to" and "interpreting" is "not always clear or amenable to a bright-line test," the Ninth
4  Circuit has explained that "neither looking to the CBA merely to discern that none of its terms is
5  reasonably in dispute, nor the simple need to refer to bargained for wage rates in computing a
6  penalty is enough to warrant preemption." *Burnside*, 491 F.3d at 1060 (internal quotations
7  omitted).

8  In *Wilson-Davis v. SSP America, Inc.*, the defendant argued that the court would have to
9  interpret numerous provisions of the CBA to determine the regular rate of pay, including rate
10 increases by supervisors, rate increases based on years of service, tips and gratuities, rates for
11 relief employees, rates for time between meetings and the start of the shift, reporting time, and
12 rates for work less than the scheduled shift. 434 F. Supp. 3d 806, 813 (C.D. Cal. 2020). In
13 rejecting the defendant's argument, the district court noted that "[i]t is not enough for Defendants
14 to provide a laundry list of provisions that they allege the Court must interpret to resolve
15 Plaintiff's claims; Defendants must explain *why* interpretation, as opposed to mere reference to the
16 CBA, is necessary." *Id.* While the district court acknowledged there were numerous provisions
17 that it would need to look to, that did not mean interpretation was required. *Id.* at 813-14.

18 Here, Defendant likewise argues that the Court will have to examine the Teamsters CBAs'
19 various rates of pay to determine when premium pay applies and at what rate, which includes
20 "forty-two (42) different job titles, with various employee and wage categories, subject to shift and
21 weekend differentials, standby and call-back pay, and different working hours, shifts, and
22 alternative work schedules." (Def.'s Reply at 11.) None of this, however, suggests that
23 *interpretation* of the Teamsters CBAs is required, as opposed to *application*. That a court would
24 need to apply numerous provisions does not mean that there is a dispute over the contract terms,
25 such that interpretation is required. Indeed, at the hearing, Defendant merely argued there was a
26 dispute over the merits of the claim, but could not identify a dispute over the actual terms of the
27 Teamsters CBAs.

28 Defendant relies on *McKinley v. Southwest Airlines, Co.* to argue that calculating the

"regular rate" would be sufficient to satisfy *Burnside*'s "interpretation" requirement. (Def.'s Mot. to Dismiss at 17 (citing No. CV 15-2939-AB (JPRx), 2015 U.S. Dist. LEXIS 69128 (C.D. Cal. May 19, 2015)).) There, the district court found that it had to interpret the CBA because it needed to "examine multiple CBA provisions to evaluate" the plaintiff's claim. *See McKinley*, 2015 U.S. Dist. LEXIS 69128, at *21. The Court disagrees that this is sufficient to require "interpretation" of the CBA. Again, binding authority makes clear that reference or application of the CBA is insufficient; interpretation requires a dispute over how to read the CBA terms itself. *Burnside*, 491 F.3d at 1060; *Livadas*, 512 U.S. at 124; *Balcorta*, 208 F.3d at 1108.

Accordingly, the Court finds that the first, third, and fourth claims are not preempted by the LMRA.

### D. Sixth through Eighth Claims: Wage Statement Violations, Waiting Time Penalties, and UCL

Defendant argues that because these claims are derivative of the overtime and sick leave claims, they are also preempted and should therefore be dismissed. (Defs.' Mot. to Dismiss at 15-16.) Plaintiff does not respond. As discussed above, however, the Court finds that Plaintiff's claims for failure to pay minimum wage and provide for meal and rest breaks are **not** preempted by the LMRA. Because the Court is dismissing the overtime and sick leave claims, the derivative claims can only be based on the claims that are not preempted, *i.e.*, the minimum wage and meal and rest breaks claims.

### E. Remand

Here, the Court finds that Plaintiff's second and fifth claims for overtime and sick leave are preempted by the LMRA, and thus must be dismissed. Likewise, the sixth through eighth claims must also be dismissed to the extent that they are based on the overtime and sick leave claims.

As to the remaining claims, however, the Court finds that these claims are not preempted. While the Court could retain supplemental jurisdiction over these claims, "federal courts have discretion to remand supplemental claims in a properly removed case to state court where none of the federal claims are remaining, upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Radcliff*, 519 F. Supp. 3d at 746-47. Here, retaining jurisdiction

1  would be inappropriate because the Court has "dismissed all claims over which it has original
2  jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Chatman*, 2022 U.S. Dist. LEXIS 199533, at *35.
3  At the hearing, Defendant acknowledged that remand would be appropriate if the Court dismissed
4  the preempted claims. Thus, the Court GRANTS Plaintiff's motion to remand the claims
5  remaining in this case.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Defendant's motion to dismiss, and DISMISSES the second and fifth claims as being preempted by the LMRA. Having dismissed the preempted claims, the Court GRANTS IN PART Plaintiff's motion to remand the remaining claims to state court.

IT IS SO ORDERED.

Dated: January 9, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge